UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| James B. Morris, Plaintiff, v. Marco A. Torres, Defendant. | Case No.: 17-cv-1924-AJB-MDD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>**(Doc. No. 3)** |
|---|---|

Defendant Marco Torres requests the Court dismiss plaintiff James Morris's complaint because it is time-barred. (Doc. No. 3-1 at 2.) After two motion hearings and supplemental briefing, it became clear that the core of Morris's claim is his unhappiness with the fact that the $442,000 in his bankruptcy estate went to his ex-wife. Because Morris's complaint suffers on many fronts, the Court **GRANTS** Torres's dismissal motion and **DISMISSES** the complaint with prejudice.

## I.  BACKGROUND

Morris's complaint alleges legal malpractice against his former bankruptcy attorney, Torres. (Doc. No. 1-2 at 12.) In April 2014, represented by Torres, Morris filed for Chapter 11 bankruptcy. (*Id.* ¶¶ 4, 5.) Morris claims his Chapter 11 bankruptcy proceeding was involuntarily converted into a Chapter 7 proceeding because Torres's negligence and inaction prejudiced the trustee and the judge. (*Id.* ¶¶ 6, 7.) This prejudice, Morris states, "carried over to the Chapter 7 trustee . . . who also saw plaintiff as the devil incarnate." (*Id.* ¶ 8.) In "mid-January 2015," Morris hired new attorneys, who informed him that he

1

"might be facing criminal prosecution for bankruptcy fraud as a result of the negligence by Defendant in his prior representation of [Morris] during the first eight or so months of the bankruptcy action." (*Id.* ¶ 8.) Morris's complaint states that because of Torres's negligence, his bankruptcy proceeding worsened, he was now facing criminal charges, and he was accused of abusing the bankruptcy system—a theory Torres seemingly encouraged. (*Id.* ¶¶ 9–11.) Torres also failed to file necessary documents within the allotted time, causing the trustee to file proceedings to begin the conversion process. (*Id.* ¶¶ 12–13.) Torres then failed to file any responsive briefs opposing the conversion to Chapter 7. (*Id.* ¶ 14.) After the bankruptcy proceeding was converted, Morris lost "$442,000 in the trust fund to the Chapter 7 trustee and to Plaintiff's ex-wife . . . ." (*Id.* ¶ 17.) Morris sued Torres for legal malpractice and breach of fiduciary duties requesting the $442,000 he lost as well as punitive damages under Cal. Civ. Code § 3294.

At the first motion hearing, Morris, represented at the time by counsel, convinced the Court additional briefing was required to discuss the statute of limitations and the trustee's possible ownership of the malpractice claim. After supplemental briefing, the Court held another motion hearing. The arguments raised in supplemental briefing went beyond the scope of the Court's limits. Nevertheless, the Court entertained all issues raised in briefing and during the hearing regardless of scope.

## II. LEGAL STANDARDS

A Rule 12(b)(6) motion to dismiss tests a complaint's legal sufficiency. Fed. R. Civ. P. 12(b)(6). The Court must accept the complaint's allegations as true and construe all reasonable inferences in favor of the nonmoving party, but is not required to accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a dismissal at this stage, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 8(a)(2) (stating a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief.").

# III. DISCUSSION

Pandora once opened a box and we all know how that story ended. Although not quite as dramatic, this case represents the be-careful-what-you-wish-for trope. After allowing supplemental briefing, the issues in this case became only muddier. While Torres argues dismissal is appropriate because the complaint is time-barred, the Court also finds the complaint fails to state a claim.

## A. The Complaint Fails to State a Claim

Although Torres never raises this argument, the Court chooses to do so sua sponte. "The elements of a cause of action for attorney malpractice under California law are: (1) the duty to use such skill, prudence and diligence as members of the profession commonly possess; (2) breach of that duty; (3) a proximate connection between the breach and the injury; and (4) actual loss or damage." *Loyd v. Paine Webber, Inc.*, 208 F.3d 755, 759 (9th Cir. 2000). After reviewing the complaint, the dismissal motion briefing, the supplemental briefing, and two hearings with Morris, the Court finds the complaint fails to state a claim because it does not allege causation or damages.

### *1. The Complaint Failed to Adequately Allege Causation*

To adequately allege a malpractice claim, Torres's actions must have been the substantial factor of the loss. Here, admittedly, there are superseding intervening factors which contributed to Morris's alleged injury. Looking at the initially alleged timeline, Torres failed to file responsive briefing which caused the bankruptcy court to convert his proceeding from Chapter 11 to Chapter 7, resulting in monetary loss. At first, it seemed to the Court that it was the *conversion* that caused the loss and injury. However, once Pandora's Box was opened, the facts became clouded. During the second hearing, Morris walked the Court through a new timeline where, after Torres's misstep, the bankruptcy was converted, but that was not the loss. The loss, Morris stated, was not the conversion (as he stated he had lost control when he filed bankruptcy, it did not matter to him which chapter it was under), but the loss was now *where* the money went. Relying on this new theory, however, Morris cannot prove causation because it was the trustee's decision—and not

Torres's—on what to do with the $442,000. Morris admits in his supplemental briefing, "[n]obody knew, or could anybody have possibly known, at the time of Chapter 7 conversion, what action the Chapter 7 trustee would take in the future and whether that action would actually injure Plaintiff." (Doc. No. 18 at 5.) Thus, the trustee's actions became the superseding intervening cause between Torres's initial negligence (causing the conversion) and the alleged loss (the money going to Morris's ex-wife). As Torres's counsel pointed out during the second hearing, malpractice requires that different counsel could have yielded a different result, but here, no attorney could have controlled what the trustee did with the $442,000. Thus, Morris failed to plead causation.

### *2. The Complaint Failed to Adequately Allege Damages*

As to damages, Morris initially argued he lost $442,000 when the bankruptcy was converted from Chapter 11 to Chapter 7 due to Torres's malpractice. However, it quickly became clear during the second hearing that Morris did not see the conversion as the loss, but rather who got the money. The Court asked Morris directly what he viewed his actual damage was: was it when the bankruptcy was converted or was it when he lost the funds. Morris—quite astonishingly—argued his only loss was when the trustee settled with his ex-wife and gave her the money. The Court asked him whether the money was going to be lost anyways, even if he had stayed in Chapter 11, as it would have been distributed to creditors. Morris agreed the money would have gone to creditors, but *insisted that would not have been an injury*. Morris pushed that his only injury was the fact that his ex-wife received the funds. Although Morris can mentally separate the loss of his money between his ex-wife and his creditors, this is not a legally tenable distinction.[1] Because Morris's complaint fails to adequately plead legally cognizable positions regarding causation and damages, the Court **DISMISSES** his complaint with prejudice.

---

[1] Not to mention, even if the Court accepted this legal fiction as true, it would still lead to the trustee's actions—and not Morris's—as being the substantial factor of his loss.

4

**B. The Complaint is Time-Barred**

Notwithstanding those deficiencies, Torres argues that Morris's complaint is time-barred. (Doc. No. 3-1 at 2.) Torres states that Morris discovered the harms giving rise to the malpractice claim by "mid-January 2015," but waited two and a half years to bring the current complaint. (*Id.* (citing Doc. No. 1-2 ¶ 8).) Morris responds by first arguing that the actual injury was not the bankruptcy conversion, but the Ninth Circuit's order denying his appeal. Morris next argues that the statute was tolled as he did not have standing to bring his claim because it was owned by his estate, which the trustee had control over.

### *1. Appealing the Conversion Order Did Not Toll Morris's Claim*

The statute of limitations in a malpractice claim is one year after "the client discovers, or should have discovered, the cause of action." *Laird v. Blacker*, 828 P.2d 691, 692 (1992); Cal. Civ. Code § 340.6(a). Otherwise, it is four years "from the date of the wrongful act or omission, whichever occurs first." Cal. Civ. Code § 340.6(a). There are four events which can toll the statute of limitations: (1) when "the plaintiff has not sustained" an "actual injury," (2) when "the attorney continues" representation on the specific matter, (3) if "the attorney willfully conceals" facts, and (4) if "the plaintiff is under a legal or physical disability" restricting ability to bring suit. *Id.* at (a)(1)–(4). This case turns on defining "actual injury."

Torres states that as of mid-January 2015, Morris "knew of the facts giving rise to the purported malpractice claim . . ." because that is when his new attorneys informed him of the issues giving rise to the malpractice claim. (Doc. No. 3-1 at 5.) Morris argues that he was not actually injured because he had appealed the conversion to Chapter 7, and the $442,000 remained in the trust fund pending the appeal. (Doc. No. 11 at 5–6.) He wrote:

> Plaintiff could not bring this cause of action at the time of the [bankruptcy appellate panel's] decision to approve the settlement, because Plaintiff intended to appeal . . . Plaintiff had no grounds to bring a cause of action at this point because he had not yet lost the $440,000 and thus Plaintiff had not yet been damaged. **If plaintiff had brought this action at the time of the [bankruptcy appellate panel's] decision, the action would have been**

5

**dismissed, because Plaintiff would not have been able to show that he had been damaged.**

(*Id.* at 6 (emphasis in original).) Morris claims August 23, 2016—the day the Ninth Circuit dismissed his appeal—was the day he was damaged. (*Id.*) Thus, according to Morris, his complaint, brought on July 27, 2017, was timely. Later, at the motion hearing and in supplemental briefing, Morris argues that he also did not have standing to bring suit because the estate owned the claim, and only the trustee could have filed against Torres.

As to his first argument that Morris was not actually injured until the appellate court order finally disposed of his funds, the Supreme Court of California addressed this very issue in an en banc decision. "We granted review to determine whether the one-year statute of limitations for attorney malpractice actions under Code of Civil Procedure section 340.6, subdivision (a) . . . is tolled during the time the client appeals from the underlying judgment on which the claim of malpractice is based." *Id.* at 692. *Id.* The California Supreme Court disagreed that an appeal of the underlying matter tolls the statute of limitations. *Id.*

So, the question here becomes at what point Morris suffered an "entry of adverse judgment or final order of dismissal," thus kick-starting the timer. *Id.* at 696. Torres is incorrect that the key date is mid-January, when Morris was told of Torres's negligent actions, as that is neither an entry of adverse judgment nor a final dismissal order. Looking at the facts, it appears that Torres's negligent actions preceded Morris's bankruptcy conversion from Chapter 11 to Chapter 7, which is what ultimately caused the alleged monetary loss and the subsequent lawsuit. The bankruptcy judge converted the action on December 8, 2014, by order. The Court finds this date to be the first entry of an adverse judgment stemming from Torres's underlying wrongful and negligent actions. Thus, the limitations period under § 340.6(a) would have expired on December 8, 2015. At that time, Morris knew of Torres's negligent actions leading to the judge's conversion order. The only information Morris learned of in mid-January 2015 was the threat of criminal prosecution. Morris's subsequent appeal of the conversion to the Ninth Circuit did not toll the statute of limitations—and none of the other tolling events are applicable. None of this

is to mention Morris's belief that if the money had been given to his creditors instead of his ex-wife, he would have not suffered an injury. In any event, the Court finds Morris's action is barred by the statute of limitations.

### *2. Morris Had Standing to Bring His Claim During Bankruptcy*

During supplemental briefing and in the second hearing, Morris claimed he did not have standing to bring his claim his claim because his estate—controlled during Chapter 7 proceedings by the trustee—owned the claim. Because this late hail-Mary was thrown during supplemental briefing, the issues were not fully briefed. However, the Court is convinced the argument fails.

Morris alleged his bankruptcy attorney told him he did not have standing to bring a malpractice claim because his estate owned the claim.[2] However, Torres responded that while Morris was required to list all potential claims on his bankruptcy paperwork, he failed to list any malpractice claim, and as such, not only did he have standing to bring such a claim, but because he failed to list it, he is now judicially estopped from bringing suit now. Bankruptcy Code imposes an affirmative duty to file a schedule of liabilities and assets, including at Line 21 "contingent and unliquidated claims of every nature . . . ." 11 U.S.C. § 521(a)(1); *Howe v. Richardson*, 193 F.3d 60, 61 (1st Cir. 1991). The debtor is required to disclose claims even if he does not know all the facts or the legal basis of the claim, but has enough information to suggest a cause of action is available. *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999).

Although Morris claims he indeed told someone about the claim, it never made its way onto the schedule of liabilities and assets or an amendment. (Doc. No. 19-1 at 22.) For clarification, the Court reviewed Morris's bankruptcy case. (Case No. 14-bk-2962-CL7.) He made four amendments to his financial statements after January 2015 on 3/3/2015 (Doc. No. 154), 4/16/2015 (Doc. No. 158), 4/20/2015 (Doc. No. 162), and 7/8/2015

---

[2] If this were true, this attorney's advice would also serve as a superseding intervening cause breaking the causation chain between Torres's negligent action and Morris's injury.

7

17-cv-1924-AJB-MDD

(Doc. No. 195). At no point did he list the malpractice claim as an asset. Thus, Morris is judicially estopped from bringing this claim. "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

Moreover, Torres notes that the instant action was indeed filed while Morris's bankruptcy proceeding was still ongoing, thereby mooting his argument in the first place as he obviously was able to bring the claim during bankruptcy after all. Because Morris never listed his claim to the estate, he is both (1) wrong that he did not have standing to bring his claim sooner, and (2) is judicially estopped from bringing his claim at all. Thus, this hail-Mary fails.

## V. CONCLUSION

The Court **GRANTS** Torres's dismissal motion, (Doc. No. 3), and **DISMISSES WITH PREJUDICE** Morris's complaint, as the Court cannot find a way Morris can overcome judicial estoppel, the numerous superseding intervening causes, his legally deficient damages analysis, or his timeliness deficiencies.

**IT IS SO ORDERED.**

Dated: February 22, 2018

Hon. Anthony J. Battaglia
United States District Judge